**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| CRYSTAL FLORES, on behalf of her child, O.M., a minor, *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 5:24-cv-00155 |
| UNITED INDEPENDENT SCHOOL DISTRICT through its Board of Education, and ADRIANA MARIEL RULLAN, *Defendants.* | § § § § § § | |

## DEFENDANT UNITED INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE CHRISTOPHER DOS SANTOS:

Defendant, UNITED INDEPENDENT SCHOOL DISTRICT, files this Motion to Dismiss Plaintiff CRYSTAL FLORES' Original Complaint, Dkt. 1, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendant shows the Court the following.

## BACKGROUND

The United Independent School District (hereinafter, "District" or "United ISD") serves around 41,000 students over 44 campuses. Defendant, Adriana Mariel Rullan ("Rullan"), formerly worked for the District as a teacher. Plaintiff's claims stem from Rullan's sexual relationship with Plaintiff's son, O.M. Dkt. 1, ¶ 34. Once the relationship came to light on November 27, 2023, the District took prompt action to report the matter to law enforcement authorities and start an investigation. Rullan resigned from United ISD on November 28, 2023. Dkt. 1, ¶ 44.

As detailed below, the Court should dismiss Plaintiff's claim brought under Title IX of the Educational Amendment Acts of 1972 ("Title IX") because she fails to plausibly allege that an appropriate District official (*i.e.*, someone with authority to take corrective action to end the misconduct) had actual knowledge of prohibited conduct and responded to such knowledge with deliberate indifference. Further, the Court should dismiss Plaintiff's Fourteenth Amendment substantive due process claim brought against the District under 42 U.S.C. § 1983 because she fails to allege any facts suggesting that the District violated any constitutional rights, much less that it did so pursuant to an official custom, policy, or practice, as required for entity liability under *Monnell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978).

As such, Plaintiff's claims against United ISD should be dismissed in their entirety, with prejudice.

## LEGAL STANDARDS

### A.    Rule 12(b)(6) allows dismissal for failure to state a claim.

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The ultimate question in a motion to dismiss under Rule 12(b)(6) is whether the complaint states a valid cause of action when viewed in the light most favorable to plaintiff and with every doubt resolved in the plaintiff's favor. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The court, however, "is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions." *R2Invs. LDV v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005); *see Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). A plaintiff must plead specific facts, not mere conclusory allegations, for her claims to withstand a motion to dismiss. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). In *Bell Atl. Corp. v. Twombly*, the Supreme Court clarified Rule 8's specificity standards for pleadings, holding that all pleadings must "provide the 'grounds' of [the party's] 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Allain*, 478 U.S. at 286 (1986)). This standard "governs… in all civil actions and proceedings in the United States district courts." *Iqbal*, 556 U.S. at 684.

In other words, "naked assertion[s] devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). To properly plead a claim, then, the plaintiff must give a defendant not only fair notice of the claim being asserted, but "the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citations and quotations omitted) (per curiam). "[T]he tenet that a court must accept as true all of the allegations contained

in [a pleading] is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Mere assertions of legal conclusions "are not entitled to assumption of truth"—they "must be supported by factual allegations." *Id.* at 678–79.

## ARGUMENT AND AUTHORITIES

**A.    Plaintiff has not provided the required facts to support a Title IX violation.**

> *i.    The applicable **legal standards** under Title IX.*

Title IX states that no person "shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX "is contractual in nature, not banning discrimination outright but 'conditioning an offer of federal funding on a promise by the recipient not to discriminate.'" *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020) (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998)). The U.S. Supreme Court defined the contours of Title IX liability in *Gebser*, essentially holding that school districts are "liable only for *intentional* sex discrimination." *Id.* (emphasis in original).

As stated in *Gebser*, a school district cannot be liable for a teacher's sexual harassment of a student unless "an official [with] authority to address the alleged discrimination and to institute corrective measures…has actual knowledge of discrimination…and fails adequately to respond." *Gebser*, 524 U.S. at 290. In other words, an "appropriate person" with "authority to take corrective action to end the

4

discrimination" must have had actual knowledge. *Id.* And, even when an appropriate person knew about employee-on-student sexual harassment, the school district cannot be liable unless it responded to the allegations with "deliberate indifference." *Id.* Establishing deliberate indifference, is a difficult task; "neither negligence nor mere unreasonableness is enough." *Sanches v. Carrolton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 167 (5th Cir. 2011). Put another way, a school district's response to the sexual harassment must have been "clearly unreasonable in light of the known circumstances." *Davis v. Monroe County Bd. Of Educ.*, 526 U.S. 629, 648 (1999).

In essence, to state a Title IX claim against a school district based on alleged abuse of a student by a teacher, a plaintiff must plead facts showing: "(1) a school district employee with supervisory power over the offending teacher (2) had actual notice of the abuse and (3) responded with deliberate indifference." *Doe v. Katy Indep. Sch. Dist.*, 427 F. Supp. 3d 870, 878 (S.D. Tex. 2019) (quoting *King v. Conroe Indep. Sch. Dist.*, 289 F. App'x 1, 4 n.3 (5th Cir. 2007)).

ii.   *Plaintiff has not shown that an **appropriate person** at United ISD had actual knowledge of Rullan's harassment of O.M. prior to November 27, 2023.*

The Fifth Circuit has discussed who counts as an "appropriate person" when assessing a school district's Title IX liability in teacher-on-student sexual harassment cases. More specifically, the Fifth Circuit held:

> A school district can be liable for teacher-student sexual harassment under Title IX only if a school official who had actual knowledge of the abuse was invested by the school board with the duty to supervise the employee and the power to take action that would end such abuse and failed to do so. This inquiry circumscribes those school employees in the chain of command whom the school board has appointed to monitor the

conduct of other employees and, as distinguished from reporting to others, remedy the wrongdoing themselves. At the same time, it locates the acts of subordinates to the board at a point where the board's liability and practical control are sufficiently close to reflect its intentional discrimination. It does so by omitting the bulk of employees, such as fellow teachers, coaches, and janitors, unless the district has assigned them both the duty to supervise the employee who has sexually abused a student and also the power to halt the abuse.

*Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 660 (5th Cir. 1997).

Here, Plaintiff has failed to allege any facts suggesting that an "appropriate person" (or any person) at United ISD—*i.e.*, someone with authority to take corrective action to address Rullan's sexual harassment of O.M. and to institute corrective measures on behalf of the District—had actual knowledge of the harassment. *Gebser*, 524 U.S. at 290. Granted, Rullan had knowledge of her own abuse of O.M. since she was the perpetrator, *see* Dkt. 1, ¶ 33, but "Title IX does not impose liability on a school district when the only employee or representative of the district with actual knowledge[ of the molestation was the perpetrator himself[.]" *Salazar v. S. San Antonio Indep. Sch. Dist.*, 953 F.3d 273, 275 (5th Cir. 2017), cert. denied, 583 U.S. 933 (2017).

Simply put, Plaintiff has failed to show that Rullan's principal or her other supervisors at the District had actual knowledge of Rullan's sexual harassment of O.M. prior to November 27, 2023. *See* Dkt 1. Further, other than Rullan herself, Plaintiff fails to show that *any person* at United ISD was aware of Rullan's harassment prior to November 27, 2023. As such, to the extent that Plaintiff seeks to hold United ISD liable for any events that occurred prior to November 27, 2023, such claims should be dismissed with prejudice. *Salazar*, 953 F.3d at 275.

6

    *iii.*    *Plaintiff's attempts to show **deliberate indifference** do not meet the legal standard under Title IX.*

To reiterate, the deliberate indifference standard under Title IX is a high standard, and "[a]ctions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference[.]" *Doe on behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998). "Title IX does not require flawless investigations or perfect solutions." *Sanches*, 647 F.3d at 170. Even assuming, *arguendo*, that a school district made a "tragic error in judgment," such an error does not automatically equate to "deliberate indifference." *Doe,* 153 F.3d at 219.

As mentioned above, Plaintiff fails to show deliberate indifference by the District. The only appropriate person with supervisory authority over Rullan and the authority to end the harassment of O.M. who is identified in the complaint is Araceli Garza ("Garza"), Rullan's principal. Plaintiff states that Garza became aware of the harassment on November 27, 2023, and that the allegations were under investigation through the United ISD police department by November 28, 2023. Dkt. 1, ¶¶ 31, 33. A next-day response by the District is appropriate under Title IX. *See Ruvalcaba v. Angleton Indep. Sch. Dist.*, No. 20-40491, 2022 U.S. App. LEXIS 3213, at *16 (5th Cir. 2022) (finding no deliberate indifference in student-on-student sexual harassment case when school district administrators reported incident to school district police within one day of learning of it).

The District's report to law enforcement and starting the investigation within one day of receipt of the allegations does not make the report or investigation inept, erroneous, ineffective, negligent, or a tragic error in judgment—all words to

7

characterize a response by a school district which could *still* pass muster under Title IX. *See Doe,* 153 F.3d at 219. Starting the investigation one day later is also not a clearly unreasonable response to the allegations by United ISD. *See Davis,* 526 U.S. at 648.

Further, if Plaintiff thinks that "failing to investigate why a student not registered to Rullan's class was behind closed doors with [Rullan] alone after being viewed on school security footage" equals deliberate indifference, she would be incorrect. Being alone with a teacher behind closed doors is not conduct that would lead the District to know there was a substantial risk that Rullan would sexually abuse O.M. *See Rosa H.*, 106 F.3d at 652-53; *see also S.P. v. Ne. Indep. Sch. Dist.*, No. SA-21-CV-0388-JKP-RBF, 2021 U.S. Dist. LEXIS 142257, at *10-17 (W.D. Tex. 2021) (analyzing allegations that victim was observed alone with perpetrator in his classroom and the door closed, and concluding it was "too great a leap" to reasonably infer actual knowledge of a substantial risk of abuse based on allegations).[1]

In addition, a school district cannot be liable under Title IX if an appropriate person: (1) "did not know of the underlying facts indicating a sufficiently substantial danger;" or (2) "knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was unsubstantial or nonexistent." *Rosa H.*, 106 F.3d at 659. In effect, a plaintiff must establish that the school district knew of the "precise instance of abuse giving rise to the case at hand, or [had] actual knowledge of substantial risk that such abuse would occur." *Hernandez v. Calallen Indep. Sch.*

---

[1] Besides, the "should have known" standard has been clearly rejected by the Supreme Court in favor of the "actual notice" standard. *Edgewood*, 964 F.3d at 364, n.54, 55 (citing *Gebser*, 524 U.S. at 290).

*Dist.*, Civil Action No. 2:21-CV-00225, 2023 U.S. Dist. LEXIS 176268, at *11-12 (S.D. Tex. 2023) (quoting *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 992 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015).

Here, Plaintiff states that Garza acquired actual notice of the abuse on November 27, 2023. Dkt. 1, ¶ 31. Plaintiff goes on to state that United ISD's police investigator, Abraham Rodriguez, began his investigation of the allegations on November 28, 2023—the very next day after the allegations were reported to Garza. Dkt. 1, ¶ 31.Plaintiff further states that she received a copy of a November 29, 2023 "UISD Title IX Notice of Alleged Sexual Harassment" from Garza. Dkt. 1, ¶44. As such, Plaintiff's complaint establishes that Garza became aware of the alleged abuse on November 27, 2023, and that by the next day the allegations were being investigated by United ISD police. Thus, United ISD was not deliberately indifferent to the allegations of sexual abuse and Plaintiff fails to set forth any facts indicating that anyone at the District had actual notice of the harassment *before* November 27, 2023. Indeed, Plaintiff's allegations that the District failed to complete an investigation and failed to contact police after acquiring actual knowledge of the abuse are contradicted by her own complaint. *Id.* Because Plaintiff has failed to show that the District had actual notice of the abuse before it was reported to Garza, Plaintiff's claims against United ISD should be dismissed with prejudice for failure to allege a valid Title IX claim. *Hernandez*, 2023 U.S. Dist. LEXIS 176268, at *15.

In sum, Plaintiff has failed to adequately plead deliberate indifference by the District as required, and it is appropriate to dismiss her Title IX claims against United ISD with prejudice.

       *iv.*    *Plaintiff prays for **damages that are unrecoverable** in a Title IX case.*

Title IX was enacted under the United States Constitution's Spending Clause authority. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 217-18 (2022). In *Cummings*, the Supreme Court held that damages for emotional distress were not recoverable in certain suits brought pursuant to Spending Clause legislation. *Id.* at 218. Consequently, after *Cummings*, damages for emotional harm/distress are not recoverable in private actions brought to enforce Title IX. *Id.*; *see Overdam v. Tex. A&M Univ.*, No. 4:18-CV-2011, 2024 U.S. Dist. LEXIS 4994, at *6 (S.D. Tex. Jan. 10, 2024) (noting that "nearly every court to consider the issue" since has concluded that *Cummings* applies to Title IX).

Here, Plaintiff prays that she recovers damages for "financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages[.]" Dkt. 1, ¶ 79. However, *Cummings* completely forecloses Plaintiff's request for humiliation, mental anguish, and emotional distress damages. *Id.* at 218. Further, Plaintiff cannot plausibly seek punitive damages under Title IX (or § 1983, for that matter). *Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *see Loera v. Kingsville Indep. Sch. Dist.*, No. 2:21-CV-0031, 2023 U.S. Dist. LEXIS 166104, at *4 (S.D. Tex. Sept. 19, 2023) ("[T]he Supreme Court has made it clear in *Barnes* and *Cummings* that neither punitive damages nor damages for emotional injuries are available in such

cases."). And, because Plaintiff has not alleged any well-pleaded facts in support of her request for financial loss or physical harm damages under Title IX, the dismissal of Plaintiff's Title IX claims against United ISD with prejudice is appropriate.

**B.    Plaintiff has not provided the required facts to support a Fourteenth Amendment due process violation, much less one caused by an official District custom, policy, or practice.**

The Due Process Clause of the Fourteenth Amendment forbids any state from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV, § 1. "The essence of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it." *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (cleaned up). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth's Amendment's protection of liberty and property." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972).

Here, Plaintiff alleges a substantive due process claim against the District under 42 U.S.C. § 1983. Dkt. 1, ¶ 79. But Section 1983 "does not impose liability on school districts for an employee's tort under a *respondeat superior* theory—but only for 'their *own* illegal acts.'" *Edgewood*, 964 F.3d at 365 (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (emphasis in original); *see Monnell,* 436 U.S. at 691. In order to hold a municipal entity like United ISD liable under Section 1983, a plaintiff must show: "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of the constitutional right." *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir.

11

2018); *see S.H. v. Midland Indep. Sch. Dist.*, No. MO:24-CV-00131-DC-RCG, 2025 U.S. Dist. LEXIS 6546, at *22 (W.D. Tex. 2025) (citing *Peña* and dismissing plaintiff's Section 1983 claims).

Here, Plaintiff makes no reference in her complaint to an official policy of the District that caused the deprivation of her due process rights. Dkt. 1. Plaintiff also fails to identify a District policy maker. *Id.* Instead, Plaintiff asserts that the District failed "to take adequate precautions which amounted to deliberate indifference to [O.M.'s] constitutional rights," but the facts pled (1) sound in negligence, not deliberate indifference; and (2) do not support this conclusory allegation. Dkt. 1, ¶¶ 33, 44-45. In particular, Plaintiff states that "Defendant UISD as a public school district is vicariously responsible for actions of employees acting within the scope of their employment," which is precisely the sort of conclusory legal theory that does *not* support a Section 1983 claim against the District. *Edgewood*, 964 F.3d at 365.

In sum, Plaintiff has failed to adequately plead a Fourteenth Amendment substantive due process claim against the District under Section 1983 because she fails to identify a policy maker or an official policy that was the moving force behind a violation of her constitutional rights. Plaintiff's Section 1983 claims against United ISD should therefore be dismissed with prejudice because she has failed to state a claim upon which relief can be granted.

## CONCLUSION AND PRAYER

For these reasons, Defendant UNITED INDEPENDENT SCHOOL DISTRICT respectfully requests that this Court grants its Motion to Dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6) for failure to state a claim and enters an order dismissing all of Plaintiff's claims against United ISD in their entirety with prejudice as to refiling.

Defendant United ISD prays for such other and further relief, equitable or legal, to which it may be justly entitled.

Respectfully submitted,

**TRAUTMANN & GARCIA,**
**ATTORNEYS AT LAW, PLLC**

By: /s/ *Jaime Garcia*
Jaime Garcia
Attorney-in-Charge
State Bar No. 24099889
Southern District of Texas No. 2996119
jaime@tglawtx.com

Stephen R. Trautmann, Jr.
State Bar No. 24070758
Southern District of Texas No. 1477500
stephen@tglawtx.com

7110 Rocio Dr., Suite 13
Laredo, Texas 78041
Telephone: (956) 937-3700
Facsimile: (956) 937-3704

**THOMPSON & HORTON, LLP**

Stephanie A. Hamm
State Bar No. 24069841
Southern District of Texas No. 108779
shamm@thompsonhorton.com

Celena Vinson
State Bar No. 24037651
Southern District of Texas No. 2220428
cvinson@thompsonhorton.com

13

Phoenix Tower, Suite 2000
3220 Southwest Freeway
Houston, Texas 77027
Telephone: (713) 554-6742

ATTORNEYS    FOR    DEFENDANT
UNITED   INDEPENDENT   SCHOOL
DISTRICT

<u>**CERTIFICATE OF SERVICE**</u>

On March 24, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Keith Altman
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

Attorney for Plaintiff

<u>/s/ *Jaime Garcia*</u>
Jaime Garcia

14